IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELLY GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 00-N-1240-S |
| ) | |
| WARDEN GWENDOLYN MOSLEY ) | |
| and THE ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**ENTERED**

**JAN 1 1 2002**

## MEMORANDUM OPINION

The petitioner is challenging the constitutional validity of his conviction on the charge of second degree robbery, which was imposed in 1995. He is presently incarcerated at the Easterling Correctional Facility, serving an eighteen year sentence. On November 19, 2001, the magistrate judge assigned this matter entered a report and recommendation, finding that the petition is due to be granted if the petitioner is not resentenced by the Circuit Court of Lauderdale County to a term not to exceed the statutory maximum for third degree robbery. The respondents have filed an objection to the report and recommendation. (Doc. 23).

**I. DISCUSSION**

**A. Background**

The petitioner was indicted on the charge of second degree robbery in violation of ALA. CODE § 13A-8-42.[1]  The indictment, however, does not allege that he was "aided by another

---

[1] The second degree robbery statute provides:

(a) A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is **aided by another person actually present**.

(b) Robbery in the second degree is a Class B felony.

The maximum penalty for a Class B felony is 20 years. ALA. CODE § 13A-5-6(a)(2).



person actually present," as is required by the statute. The petitioner was convicted on his plea of guilty to the charge and was sentenced to serve eighteen years custody.

In his petition for post-conviction relief, filed pursuant to ALABAMA RULE OF CRIMINAL PROCEDURE 32, Green asserted that the trial court was without jurisdiction to render judgment or impose a sentence upon him because the arrest warrant and the indictment improperly charged him with second degree robbery, which requires the use of force or the threatened use of force. The trial court denied the petition, finding that his claim was without merit because the indictment "alleged all the elements of Robbery 2nd Degree." (Doc. 5, Ex. C). In his motion for reconsideration, the petitioner asserted that he was entitled to relief premised on the fact that the charge of second degree robbery requires that a defendant be accompanied by a second person who is actually present and, in his case, the evidence did not show the requisite participation by a second person. (*Id.*, Ex. B, pp. 28-31). He also asserted that the indictment was defective for the same reason, that is, that it did not allege that he was aided by another person who was actually present. (*Id.*, p. 30). The motion for reconsideration was denied. (Doc. 5, Ex. D). The petitioner appealed the denial of relief.

On appeal, the petitioner asserted that the trial court erred in denying his

---

ALA. CODE § 13A-8-42 (emphasis added). Section 13A-8-43 provides:

(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:

(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance;

or

(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

(b) Robbery in the third degree is a Class C felony.

ALA. CODE § 13A-8-43. The maximum penalty for a Class C felony is 10 years. ALA. CODE § 13A-5-6(a)(3).

>petition without an evidentiary hearing and in denying his motion because the trial court was without jurisdiction to render the judgment and impose the sentence. (Doc. 17, Ex. H, p. i). The Court of Criminal Appeals affirmed the denial of relief by the trial court on December 3, 1999. (Doc. 5, Ex. G). The court found that the indictment was not deficient and his challenge that the evidence was insufficient to support the second degree robbery charge because a second person was not "actually present during the robbery as required by § 13A-8-42(a), Ala. Code 1975, because his wife merely drove the getaway car and did not participate in the robbery" was waived because it was not a jurisdictional defect. (*Id.*). The petitioner applied for rehearing before the court on December 16, 1999. (Doc. 5, Ex. E). That motion was denied. He did not file a petition for a writ of certiorari with the Alabama Supreme Court.

(Doc. 22, p. 3).

The petitioner now asserts that he is actually innocent of the charge and failing to grant him relief would result in a fundamental miscarriage of justice. (Doc. 1 at 5). The respondents originally contended in their answer that the present claim is precluded from consideration by this court because (1) it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d); (2) it is a matter of state law and does not raise a federal constitutional question; and, (3) it was not properly raised in state court. (Doc. 5). In a supplemental answer, the respondents also assert that the present challenge to the conviction by the petitioner is not properly before this court because the claim is unexhausted and should be dismissed so that the petitioner can exhaust his available state remedies. (Doc. 18, p. 4). Lastly, they assert that he is not entitled to relief because the petitioner has admitted that he is guilty of robbery. (*Id.*, p. 5).

The magistrate judge found, contrary to the respondents' contentions, that the petitioner has exhausted his state remedies by presenting the claim to the state courts. Specifically, the magistrate judge found that the challenge was presented to the trial court in the motion to reconsider the denial of the Rule 32 petition (*see* doc. 5, ex. B, pp. 29-31) and to the Alabama Court of Criminal Appeals in his brief (*see* doc. 17, ex. H, pp. 6-8). (Doc. 22). The magistrate

3

judge further found that the present petition is time-barred by the one-year statute of limitations (28 U.S.C. § 2244(d)(1)); but, then determined that the petitioner was "factually innocent of second degree robbery because the indictment, in fact and law, alleges third degree robbery and the petitioner's statement to the court at the plea is sufficient to show guilt of only third degree burglary." (*Id*., p. 14). Accordingly, he concluded that the petitioner was due to be resentenced.

### B. The Respondents Object

#### 1. Claim is Unexhausted

The respondents object to the findings and conclusions of the magistrate judge, stating first that the magistrate judge should not have reached the merits of the petitioner's claim because the petitioner still has an available state remedy to raise the present claim. Specifically, they assert that his claim is jurisdictional and, therefore, subject to review. (Doc. 23, p. 3). As noted by the magistrate judge, when this issue was presented by the petitioner on appeal, the respondents asserted that "it was 'waived because it [was] non-jurisdictional.'" (Doc. 22, p. 8 (citing Doc. 5, Ex. F, p. 9)). The court finds that the petitioner has properly exhausted his available state remedies. The claim was adequately presented to the state courts as found by the magistrate judge. It was raised in the motion for reconsideration and in the petitioner's brief to the Alabama Court of Criminal Appeals. The state courts have had a full opportunity to address this challenge. The respondents' assertion that the "Court of Criminal Appeals did not construe Green's claim to be that the indictment failed to allege that he was assisted by someone during the robbery, and consequently, the Court of Criminal Appeals never considered it an issue," does not change the fact that the claim was adequately presented in the state courts. Therefore, he has exhausted his state remedies.

#### 2. Actual Innocence

4

The respondents next object, stating that the magistrate judge erred in concluding that the petitioner is actually innocent. They further assert, "Because he (the petitioner) is guilty of one (second degree robbery) or the other (third degree robbery), the actual innocence test does not apply to this case, and his federal claims are barred from review by the statute of limitations and procedural default." (Doc. 23, pp. 8-9). The petitioner is entitled to no relief unless it is shown that "'"in light of all the evidence,"' "it is more likely than not that no reasonable juror would have convicted him."'" *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), *citing Schlup v. Deno*, 513 U.S. 298, 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). The record, including the pertinent part of the plea transcript and the arresting officer's affidavit, demonstrates that the petitioner is not guilty of second degree robbery and that no reasonable juror would have convicted him because no third party was actually present. The affidavit, which is consistent with the petitioner's plea colloquy, provides:

> On or about the 5th day of May, 1995, the Chisholm Quick Mart located in Florence, Lauderdale County, Alabama, was robbed. According to the clerk, a white male wearing a blue button-down shirt and blue jeans jumped over the counter and took money out of the register. The subject then placed the clerk in the office and fled the scene on foot. He told the clerk on several occasions "give me the money, give me the money."
>
> On May 15, 1995, I talked to Kelly Green at the Muscle Shoals Police Department. He admitted robbing the Chisholm Quick Mart in Florence, and also stated that his wife Melissa Green was his accomplice, waiting for him in the car in the Highland Baptist Church Parking Lot across the street from the Chisholm Quick Mart. He stated she then drove the car for them to get away as planned.
>
> I also talked to Melissa Green at the Muscle Shoals Police Department. She admitted to being a part of the robbery and driving the vehicle and assisting her husband Kelly Green in the robbery.

5

(Doc. 5, Ex. B, p. 10). These facts are insufficient as a matter of law. It is well-settled that "actually present" does not include a "get-away" driver such as the petitioner's wife in the present circumstances. *See Ex parte Lynch*, 587 So. 2d 303 (Ala. 1990); *Fantroy v. State*, 560 So. 2d 1143, 1144 (Ala. Crim. App. 1989). Accordingly, the court finds that the magistrate judge's determination that the petitioner is "actually innocent" of second degree robbery is correct.

The court also does not agree with the respondents' contention that the petitioner's acknowledgment of guilt of third degree robbery precludes review by this court and the relief recommended by the magistrate judge. To the contrary, the court agrees with the determination of the magistrate judge that the petitioner has made the requisite showing of actual innocence of second degree robbery and a violation of due process to warrant the limited relief in this case.

## II. CONCLUSION

Having considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the respondents' objections, the court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court, altering only slightly the relief ordered. In accord with the recommendation, the court finds that the petitioner is "actually innocent" of second degree robbery and that the indictment failed to properly charge him with the same. Accordingly, his petition for a writ of habeas corpus is due to be conditionally granted. Unless, within a reasonable time, the respondents take action to reindict petitioner and afford him a new trial on the offense of second degree robbery, or, in the alternative, to vacate that judgment and enter a judgment for third degree robbery, resentencing the petitioner to a term not to exceed

the statutory maximum for third degree robbery, petitioner may apply for a writ ordering respondents to release him from custody forthwith. An appropriate order will be entered.

**DONE**, this 10th day of January, 2002.

**EDWIN L. NELSON**
United States District Judge

7